CRUZADO, ADMINISTRATOR, PLAINTIFF AND APPELLANT, *v.* LÓPEZ BALLESTER, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Mayagüez in an Action of Ejectment.

No. 1735.—Decided February 19, 1918.

EJECTMENT—RECORD OF TITLE—PRESCRIPTION—PERSONS PRESENT.—When the colorable title of ownership of the defendant has been recorded in the registry for more than ten years and the said defendant, personally and by his predecessors in interest, has been in actual, uninterrupted and *bona fide* possession of the property as owner during all that time, as to persons present an action of ejectment by the plaintiffs cannot prosper against him even when the plaintiffs show that their title was previously recorded in the registry.

The facts are stated in the opinion.
*Mr. Angel A. Vázquez* for the appellant.
*Mr. José Sabater* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an action of ejectment. As regards the rights of the plaintiff, the pleadings and the evidence show that by a public deed executed on March 17, 1882, Carlos Valentín Aponte sold to José Cruzado a property of fifteen acres in the ward of Quemado of the municipal district of Mayagüez which was recorded in his name in the registry of property. Cruzado did not record his title in the registry and died in the year 1897. On December 13, 1915, the District Court of Mayagüez declared the seven legitimate children and the widow of José Cruzado to be his intestate heirs, and on June 26, 1916, appointed José Cruzado Ramírez, one of the heirs, administrator of the estate. The administrator attempted to take possession of the said property, but was unable to do so because he found Ernesto López Ballester in possession of it. Thereupon he brought this action to recover it, filing the complaint on July 6, 1916.

The *prima facie* right of the plaintiff was thus clearly shown. Let us see what the pleadings and the evidence show regarding the right of the defendant.

As we have said, defendant Ernesto López Ballester holds the material possession of the property, he having purchased from Emma Carbonell before a notary on October 14, 1915, a property of seventy acres in which are included the fifteen acres referred to in this action. Ballester's title is recorded in the registry of property and originated as follows: On April 4, 1906, Angela Ramírez Vélez, widow of José Cruzado, brought proceedings in the District Court of Mayagüez to establish her possession of the property, alleging that she purchased it from Rogelio Martínez in June, 1898. The possessory title was approved on April 14, 1906, and recorded in the registry on April 18, 1906. On February 29, 1907, Angela Ramírez Vélez sold the property to Bernardo Bocanegra and Miguel Castro and the sale was recorded in the registry. On May 19, 1908, the said Bocanegra and Castro sold it to José A. Menéndez and the sale was also recorded in the registry. On November 23, 1908, Menéndez

sold it to Pedro J. Bras and on June 14, 1915, Bras conveyed it to Emma Carbonell in payment of a certain debt. As we have stated, Emma Carbonell sold it to the defendant in the same year. Rogelio Martínez testified at the trial that he had sold the property of seventy acres to Angela Ramírez de Vélez about the year 1898. The plaintiff offered no evidence tending to show that the said Rogelio Martínez, Angela Ramírez and the subsequent purchasers had acted in bad faith.

There is, then, a conflict of rights which was decided by the district court against the plaintiff.

We are of the opinion that the action of the trial court was according to law.

It is true that the title of the plaintiff to the fifteen acres in question is older than that of the defendant. Its record dates from the year 1881. But it is also true that the fifteen acres were sold by Rogelio Martínez in 1898 to Angela Ramírez de Vélez and that she established her possession as owner and recorded her title in the registry on April 18, 1906, or more than ten years before the filing of the complaint in this action. While section 1850 of the Revised Civil Code (equivalent to article 1949 of the old Civil Code) provides that ordinary prescription shall not obtain against a title recorded in the registry, it also provides that such prescription shall obtain by virtue of another title similarly recorded and that the time shall begin to run from the date of the entry of the second.

In this case the period of prescription is ten years, as it relates to persons present. Sec. 1858, Civil Code. It was shown that the heirs resided in Porto Rico and although one of them testified that he had been absent in Santo Domingo and the United States, there is nothing in his testimony to justify the conclusion that he was absent for one whole year continuously. Sec. 1859, Civil Code.

In view of all the foregoing and taking into consideration the jurisprudence laid down by this court in the cases, among

others, of *Maldonado* v. *Ramos et al.*, 24 P. R. R. 278, and
*Teillard* v. *Teillard* et al., 18 P. R. R. 546, the judgment ap-
pealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and
Hutchison concurred.